IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

EYETALK365, LLC,

      *Plaintiff*,

v.

AUGUST HOME, INC.
      *Defendant*.

Civil Action No. 3:16-cv-722

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Eyetalk365, LLC ("Eyetalk" or "Plaintiff"), for its Complaint against Defendant August Home, Inc. ("Defendant"), hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*.

### THE PARTIES

2. Plaintiff Eyetalk365, LLC is a limited liability company organized under the laws of the State of North Carolina with its principal place of business at 9923 Willow Leaf Lane, Cornelius, North Carolina 28031.

3. Upon information and belief, August Home, Inc., is a corporation organized under the laws of the State of California with its principal place of business at 665 3rd Street #150, San Francisco, California 94107, and can be served through its registered agent Bhara Vasan at 665 3rd Street #150, San Francisco, California 94107.

4. Eyetalk is in the business of providing wireless security solutions and owns a number of patents related to entryway management. Eyetalk's patent portfolio is seminal

intellectual property in the field of entryway management including inventions related to video doorbell technology. Some of the largest companies in the entryway management industry have taken licenses to Eyetalk's patent portfolio without litigation. Eyetalk's notable licensees include The Chamberlain Group, Inc., HeathCo, LLC, and Bot Home Automation, Inc.—makers of the "Ring" video doorbell. These companies and Eyetalk worked together to license Eyetalk's portfolio without the need for wasteful litigation. Thus, there is no doubt that Eyetalk's patent portfolio includes pioneering inventions related to the entryway management industry.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the North Carolina Long-Arm Statute, due to its substantial business in this forum, including acts constituting direct infringement as alleged herein occurring within this forum.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,432,638

9. The allegations set forth in the foregoing paragraphs 1 through 8 are hereby realleged and incorporated herein by reference.

10. On August 30, 2016, United States Patent No. 9,432,638 (the "'638 Patent"), entitled "Communication and Monitoring System," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '638 Patent is attached as Exhibit A to this Complaint.

11. Eyetalk is the assignee and owner of the right, title and interest in and to the '638 Patent, including the right to assert all causes of action arising under the '638 Patent and the right to any remedies for infringement.

12. In violation of 35 U.S.C. § 271, Defendant has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the '638 Patent by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe at least claims 1 and 6 of the '638 Patent without the authority of Eyetalk. Upon information and belief, Defendant's infringing products include at least the August Doorbell Cam (the "Doorbell Cam").

13. For example, upon information and belief, Defendant's Doorbell Cam is able to detect the presence of a person at the entrance:





Fig. 1 (http://august.com/products/august-doorbell/)



Fig. 2 (http://august.com/products/august-doorbell/)

14. Upon information and belief, Defendant's Doorbell Cam is able to transmit, to a computerized controller running a software application, video of the person at the entrance recorded using a camera located proximate the entrance. *See* Fig. 1, Fig. 4 (below).

15. Upon information and belief, Defendant's Doorbell Cam is able to provide, with the software application running at the computerized controller, a graphical user interface to a

COMPLAINT FOR PATENT INFRINGEMENT Page 4 of 17

remote peripheral device by which a user of the remote peripheral device, which comprises a cell phone, may view the video of the person at the entrance. *See* Fig. 1, Fig. 3 below.



Fig. 3 (http://august.com/products/august-doorbell/)

16. Upon information and belief, Defendant's Doorbell Cam has a wireless video camera, a microphone, a speaker, an RF receiver, an RF transmitter, a proximity sensor and uses a keypad with one or more buttons that are able to determine that a person is present at the entrance and able to transmit digital streaming video.

COMPLAINT FOR PATENT INFRINGEMENT



Fig. 4 (http://august.com/products/august-doorbell/)

17. Upon information and belief, Defendant's Doorbell Cam is able to send an alert to the cell phone that the person is present at the entrance after the keypad is pressed by the person at the entrance. *See* Figs. 1-2 above.

COMPLAINT FOR PATENT INFRINGEMENT                                        Page 6 of 17

18. Upon information and belief, Defendant's Doorbell Cam is able to let someone speak with a person at the entrance through the graphical user interface on the cell phone after the keypad is pressed by the person at the entrance. *See* Figs. 1-4 above.

19. Upon information and belief, Defendant's Doorbell Cam is able to let someone listen to the person at the entrance via the cell phone through use of the graphical user interface after the keypad is pressed by the person at the entrance. *See* Figs. 1-4 above.

20. In violation of 35 U.S.C. § 271(b), Defendant has induced its customers and continues to induce its customers to infringe, both literally and/or under the doctrine of equivalents, the '638 Patent by providing instructions via its website, or through other documents that induce its customers to directly infringe the '638 Patent and by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe at least claims 1 and 6 of the '638 Patent without the authority of Eyetalk. *See, e.g.*, Doorbell Cam Installation (available at http://support.august.com/customer/en/portal/articles/2269857-doorbell-cam-installation---installing-with-the-spacer?b_id=10920&).

21. Defendant has had knowledge of the '638 Patent since at least the filing date of this Complaint.

22. Because of Defendant's infringing activities, Eyetalk has suffered damages and will continue to suffer damages in the future.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 9,414,030

23. The allegations set forth in the foregoing paragraphs 1 through 22 are hereby realleged and incorporated herein by reference.

24. On August 9, 2016, United States Patent No. 9,414,030 (the "'030 Patent"), entitled "Communication and Monitoring System," was duly and legally issued by the United

COMPLAINT FOR PATENT INFRINGEMENT                                                                 Page 7 of 17

Case 3:16-cv-00722-FDW-DCK   Document 1   Filed 10/18/16   Page 7 of 17

States Patent and Trademark Office. A true and correct copy of the '030 Patent is attached as Exhibit B to this Complaint.

25. Eyetalk is the assignee and owner of the right, title and interest in and to the '030 Patent, including the right to assert all causes of action arising under the '030 Patent and the right to any remedies for infringement.

26. In violation of 35 U.S.C. § 271, Defendant has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the '030 Patent by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe at least claims 6 and 13 of the '030 Patent without the authority of Eyetalk. Upon information and belief, Defendant's infringing products include at least the August Doorbell Cam ("Doorbell Cam"), Smart Lock ("Smart Lock"), and Connect ("Connect") (collectively, Defendant's "System").

27. For example, upon information and belief, Defendant's System is comprised of a detecting and viewing system associated with a door. *See, e.g.*, Figs. 1-4 above.

28. Upon information and belief, Defendant's Doorbell Cam has a wireless video camera, a microphone, a speaker, an RF receiver, an RF transmitter, a proximity sensor and uses a keypad with one or more buttons that are able to determine that a person is present at the entrance and able to transmit digital streaming video. *See, e.g.*, Fig. 4 above.

29. Upon information and belief, Defendant provides a software application running on at least one peripheral device that is associated with a user. *See, e.g.*, Fig. 3 above and Fig. 5 below.



Fig. 5 (http://support.august.com/customer/en/portal/articles/2340438-doorbell-cam---improving-your-wi-fi-signal?b_id=10920)

30. Upon information and belief, Defendant's System utilizes a computer configured for wireless communication with the exterior device to receive digital video data, wherein the computer is configured for communication with at least one peripheral device to transmit the digital video data to at least one peripheral device. This computer could include any number of the following non-limiting examples: the Connect, a router, a hub, a server, a database, or other network components. Upon information and belief, discovery will show that the Defendant's System provides such a computer.



Fig. 6 (http://august.com/products/august-doorbell/)



Fig. 7 (http://august.com/products/august-connect/)



Fig. 8 (http://august.com)

31. Upon information and belief, Defendant's System includes a software application running on a cellular phone which is configured to display video transmitted wirelessly by the exterior device, receive audio data from the person transmitted wirelessly from the exterior

device, receive and display an alert to the user, the alert configured to be transmitted wirelessly from the exterior device after pressing one of the one or more buttons.



Fig. 9 (http://august.com/products/august-doorbell/)

32. Upon information and belief, the peripheral device allows the user to speak with the person at the door using the software application running on the cellular phone.



Fig. 10 (http://august.com/products/august-doorbell/)

33. Upon information and belief, Defendant's Smart Lock is an electronic lock and is associated with the door and configured to be opened after receiving instructions from the software application running on at least one peripheral device.

COMPLAINT FOR PATENT INFRINGEMENT Page 13 of 17



Fig. 11 (http://august.com/products/august-smart-lock/ and https://itunes.apple.com/us/app/august-home/id648730592?mt=8)



Fig. 12 (http://august.com/products/august-connect/)

34. In violation of 35 U.S.C. § 271(b), Defendant has induced its customers and continues to induce its customers to infringe, both literally and/or under the doctrine of equivalents, the '030 Patent by providing instructions via its website, or through other documents that induce its customers to directly infringe the '030 Patent and by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe at least claims 6 and 13 of the '030 Patent without the authority of Eyetalk. *See, e.g.*, Doorbell Cam Installation (available at

http://support.august.com/customer/en/portal/articles/2269857-doorbell-cam-installation---installing-with-the-spacer?b_id=10920&) and August Smart Lock Installation Guide (available at http://august.com/wp-content/uploads/2015/10/August-Smart-Lock-Install-Guide.pdf).

35. Defendant has had knowledge of the '030 Patent since at least the filing date of this Complaint.

36. Because of Defendant's infringing activities, Eyetalk has suffered damages and will continue to suffer damages in the future.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Eyetalk demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Eyetalk respectfully requests that this Court enter judgment for Eyetalk and against Defendant as follows:

A. An adjudication that Defendant has infringed the '638 and '030 Patents;

B. An award of damages to be paid by Defendant adequate to compensate Eyetalk for Defendant's past infringement of the '638 and '030 Patents and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. An order requiring Defendant to pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

D. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

E. An award to Eyetalk of such further relief at law or in equity as the Court deems just and proper.

Dated: October 18, 2016                    */s/ K. Alan Parry*
                                           K. Alan Parry
                                           NC State Bar No. 31343
                                           Michelle M. Walker
                                           NC State Bar No. 41664
                                           **PARRY TYNDALL WHITE**
                                           The Europa Center
                                           100 Europa Drive, Suite 401
                                           Chapel Hill, NC 27517
                                           Phone: 919-246-4676
                                           Fax: 919-246-9113
                                           aparry@ptwfirm.com
                                           mwalker@ptwfirm.com

                                           *Pro hac vice motions to be submitted:*

                                           Gary R. Sorden
                                           TX State Bar No. 24066124
                                           Tim Craddock
                                           TX State Bar No. 24082868
                                           **KLEMCHUK LLP**
                                           8150 N. Central Expressway
                                           10th Floor
                                           Dallas, Texas 75206
                                           Tel. 214.367.6000
                                           Fax 214.367.6001

                                           *Attorneys for Plaintiff*
                                           *Eyetalk365, LLC*